The Honorable Mike Ross State Senator P.O. Box 374 Prescott, Arkansas 71857
Dear Senator Ross:
This is in response to your request for an opinion regarding Act 953 of 1993. In your correspondence, you state that under this act, "the Adult Probation Department of each judicial district became a part of the Arkansas Department of Community Punishment."
You also state that adult probation services employees, who had previously been funded by the counties, are now funded by the state and as a result, "these employees [have] lost their credited service." In order to provide what you term as a "better understanding of the adverse effects this act has had on employees," you have enclosed with your request a copy of a letter from Ms. Charlotte Billingsley, who is an adult probation services employee for the Ninth East Judicial Circuit and who has filed a "Step 1-A EEO Grievance" regarding her loss of credited service. With regard to Act 953 of 1993, you have asked for an opinion on the following question:
Whether adult probation services employees should have lost their credited service when state law transferred them from the employment of county governments to that of state government?
I assume that your question pertains specifically to Section 14 of Act 953 of 1993, which provides:
The Department of Community Punishment shall administer in cooperation with the circuit courts, the provision of probation services as prescribed by the circuit courts. The department shall establish an acceptable procedure that ensures the selection of qualified applicants to meet the needs of the circuit courts and includes subject matter experts from the Arkansas circuit courts. Any existing employee of an Arkansas circuit court adult probation department whose salary is paid in whole or part with State aid (probation supervision fees and/or financial aid regulated or funded by the Arkansas Adult Probation Commission) who is employed with an Arkansas circuit court adult probation department on June 30, 1993, shall be deemed a State employee for all purposes, and therefore shall enjoy the same benefits as regular State employees. An Arkansas circuit court adult probation department employee who becomes a State employee on July 1, 1993, who was employed at any time between April 1, 1984 and June 30, 1993, is entitled to credited service in the former position for the purposes of establishing eligibility for the same benefits as regular state employees. [Emphasis added.]
It is my opinion that, under the foregoing section of Act 953 of 1993, adult probation services employees who became state employees as of July 1, 1993 (by virtue of the fact that they were employed with an Arkansas circuit court adult probation department on June 30, 1993 and their salary was paid in whole or part with one of the types of state aid prescribed in the act) and who were employed at any time between April 1, 1984 and June 30, 1993, are entitled to credited service in their former positions for the purposes of establishing eligibility for the same benefits as regular state employees. Thus, it is my opinion, in response to your specific question, that employees who meet the foregoing requirements should not lose their credited service.
As to Ms. Billingsley, whose correspondence was submitted with your request, it appears that she is entitled to credited service under Section 14 of Act 953 of 1993, based upon the facts provided in her letter. As I understand Ms. Billingsleys statement of her situation, she was employed from May 1, 1984 to July 16, 1990 as an intake officer. The circuit judge with whom she was employed elected to go under the Arkansas Adult Probation Commission on January 1, 1989, and accordingly, state aid was received at that point. Ms. Billingsley notes, however, that Circuit Judge Lookadoo did not ask that her salary be funded by the state grant in 1989, and that her salary did not become funded by the state until she moved into the position of probation officer in 1990. Based upon these facts, it would appear that Ms. Billingsley is entitled to credited service under Section 14 of Act 953 of 1993 since she became a state employee under the act on July 1, 1993 (by virtue of the fact that she was employed on June 30, 1993 with an Arkansas circuit court adult probation department and her salary was funded by state aid — presumably the type prescribed in the act — as of that date) and she was employed between April 1, 1984 and June 30, 1993. Of course, a conclusive determination in this regard may require additional inquiries of a factual nature, which are beyond the scope of an attorney general's opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
[*] As I find no such provision in Act 953 of 1993, I assume that you are referring generally to Act 549 of 1993, which established the Department of Community Punishment and provided that the department would succeed to all powers, functions, and duties formerly vested in the State Penitentiary Board and the Arkansas Adult Probation Commission. Act 953 of 1993 relates primarily to appropriations for personal services and operating expenses for the newly created Department of Community Punishment.
[1] This section of Act 953 of 1993 is codified at A.C.A. 12-27-134 (Cum. Supp. 1993) and in the Publishers Notes to that statute. As for how this section relates to A.C.A.16-93-103, which pertains to the powers of probation officers, see Op. Atty Gen. No. 93-378.